12-1704-cv
Sokolowski v. Metropolitan Transportation Authority

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 10th day of July, two thousand thirteen.

Present:    AMALYA L. KEARSE,
            ROBERT A. KATZMANN,
                    *Circuit Judges,*
            JED S. RAKOFF,[*]
                    *District Judge*.

_____

EUGENE SOKOLOWSKI,

                    *Plaintiff-Appellant*,

                    - v -                          No. 12-1704-cv

METROPOLITAN TRANSPORTATION AUTHORITY, MTA
METRO-NORTH RAILROAD, MTA METRO-NORTH
COMMUTER RAILROAD,

                    *Defendants-Appellees.*[**]

_____

---

[*] The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the official caption as set forth above.

For Plaintiff-Appellant:          BRIAN GARDNER, Sullivan Gardner, P.C., New York, NY

For Defendants-Appellees:         CAROL SUE BARNETT (Sofia C. Hubscher, *on the brief*), *for*
                                  Seth J. Cummins, General Counsel, Metro-North Commuter
                                  Railroad Company, New York, NY


    Appeal from a judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

    Plaintiff-Appellant Eugene Sokolowski appeals from a March 29, 2012, Judgment of the United States District Court for the Southern District of New York (Koeltl, *J.*), which dismissed for lack of subject matter jurisdiction Sokolowski's appeal from a special adjustment board decision made pursuant to the Railway Labor Act, 45 U.S.C. § 151 *et seq.* We assume the parties' familiarity with the underlying facts and procedural history of the case.

    Sokolowski contends that the district court had jurisdiction because the special adjustment board ("the Board") exceeded its jurisdiction. *See* 45 U.S.C. § 153 First (q) (providing for judicial review of a National Railroad Adjustment Board order "for failure of the order to conform, or confine itself, to matters within the scope of the [National Railroad Adjustment Board's] jurisdiction."); *Ollman v. Special Bd. of Adjustment No. 1063*, 527 F.3d 239, 246 n.8 (2d Cir. 2008) (observing that the jurisdictional provision of 45 U.S.C. § 153 First (q) "has been applied with equal force to proceedings before a special adjustment board."). Sokolowski argues that the Board acted extra-jurisdictionally by (1) improperly reading an exception for "egregious" conduct into the SAVE Agreement between Sokolowski's union and Defendants-Appellees the Metropolitan Transportation Authority and its subsidiaries the MTA

2

Metro-North Railroad and MTA Metro-North Commuter Railroad (collectively, the "MTA");

(2) "misapprehending its authority to review and overturn the [MTA's] decision," and

(3) "finding that there had been no discrimination, animus, or disparate treatment." Brief for

Plaintiff-Appellant Sokolowski at 15-16.[1] We address each allegedly extra-jurisdictional act in

turn.

First, even if we assume that inserting a provision into the collectively bargained SAVE

Agreement would be an extra-jurisdictional act, we do not agree with Sokolowski that the Board

did so here. The Board did not improperly insert a provision that excepts from waiver eligibility

any employee who commits an "egregious" violation. Instead, the Board ruled that Sokolowski

committed multiple violations and that the MTA therefore properly denied him a waiver

pursuant to the SAVE Agreement. *See* J. App'x 40-42 (stating that the MTA argued that the

SAVE Agreement did not require the MTA to give Sokolowski a waiver because the Agreement

does not apply where an employee commits multiple violations, and holding that while the

multiple charges "could be construed as somewhat over-blown piling on, we find no fatal error

in the redundancies."). To the extent that the Board relied on the egregious nature of

Sokolowski's violations, it appears to have done so in response to Sokolowski's contention that

the multiple-violation exception to the SAVE Agreement was only intended "to be used in cases

of additional **serious** rule violations," J. App'x 39 (emphasis in original) (internal quotation

marks omitted). The Board did not insert a provision into the SAVE Agreement, but instead

---

[1] Sokolowski also contends on appeal that the Board acted extra-jurisdictionally by reviewing the MTA's decision despite the MTA's failure to convene a "committee of three" as Sokolowski argues was required by the SAVE Agreement. This argument is addressed in a separate Opinion filed simultaneously with this Summary Order.

adopted a portion of Sokolowski's interpretation of the multiple-violation rule. In doing so, the Board did not exceed its jurisdiction.

Second, we disagree with Sokolowski's contention that the Board exceeded its jurisdiction because "it felt constrained to impose an arbitrary and capricious standard of review in determining whether the MTA's refusal to offer the SAVE Waiver was proper." Brief for Plaintiff-Appellant Sokolowski at 23. Even if we assume that an adjustment board's misapprehension of the possible scope of its review constitutes an extra-jurisdictional act, the Board here never indicated that it believed itself to be constrained to apply any particular standard of review. Sokolowski cites two statements made by the Board in support of his view that the Board believed that it had no discretion with respect to the standard of review. The first statement, that "leniency in such a case simply cannot rightfully be dictated by an arbitration Board based solely on our personalized notions of industrial justice," J. App'x 42, does not address the standard of review but instead draws on the Supreme Court's admonition that an arbitrator's decision "must draw its essence from the contract and cannot simply reflect the arbitrator's own notions of industrial justice," *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987). The second statement, that "termination for such serious proven charges is not on its face arbitrary, capricious or unreasonable," J. App'x 43, indicates what standard of review was applied to Sokolowski's termination but does not indicate that the Board believed that the Railway Labor Act *required* it to apply such a standard. Neither statement indicates that the Board misapprehended the possible scope of its review of the MTA's decision to terminate Sokolowski.

4

Finally, we reject Sokolowski's argument that the Board's finding that there was no "persuasive showing of discrimination, animus or disparate treatment," J. App'x 43, was wholly baseless. Even assuming that baseless fact-finding constitutes an extra-jurisdictional act, we hold that Sokolowski has pleaded insufficient facts to demonstrate that the Board's fact-finding was without basis. The Board found that the MTA was not required to offer Sokolowski a waiver because Sokolowski had committed multiple violations. Consequently, the Board was entitled to reject Sokolowski's argument that the MTA's denial of a waiver was based on discrimination.

We have considered Sokolowski's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK